IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 11, 2006

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. : |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| **DARREN JENKINS,** | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 892 |
| | : | (Making Extortionate Extensions of Credit) |
| | : | |
| | : | 18 U.S.C. § 894 |
| | : | (Collection and Attempted Collection of |
| | : | Extensions of Credit by Extortionate Means) |

### I N D I C T M E N T

The Grand Jury charges that:

#### COUNT ONE

From on or about October 25, 2002, the exact date being unknown to the Grand Jury, through on or about September 18, 2007, within the District of Columbia and elsewhere, defendant **DARREN JENKINS** unlawfully did extend credit within the meaning of Title 18 U.S.C., Section 891(6), to a debtor, Diedra Norman, in the approximate aggregate amount of $6,000, with respect to which extension of credit it was the understanding of **DARREN JENKINS** and the debtor that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation or property of the debtor.

   **(Making Extortionate Extensions of Credit,** in violation of Title 18,
   United States Code, Section 892).

## COUNT TWO

From on or about October 25, 2002, the exact date being unknown to the Grand Jury, through on or about September 18, 2007, within the District of Columbia and elsewhere, defendant **DARREN JENKINS** did participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit; that is, defendant **DARREN JENKINS** did unlawfully and knowingly, expressly and implicitly threaten the use of violence and other criminal means to cause harm to the person, reputation, and property of a debtor, Diedra Norman, in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891, from the debtor.

>**(Collection of Extension of Credit by Extortionate Means,** in violation of Title 18, United States Code, Section 894).

## COUNT THREE

From on or about January 1, 2004, the exact date being unknown to the Grand Jury, through on or about October 19, 2007, within the District of Columbia and elsewhere, defendant **DARREN JENKINS** unlawfully did extend credit within the meaning of Title 18 U.S.C., Section 891(6), to a debtor, Vivian Flowers, in the approximate aggregate amount of $2,000, with respect to which extension of credit it was the understanding of **DARREN JENKINS** and the debtor that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation or property of the debtor.

>**(Making Extortionate Extensions of Credit,** in violation of Title 18, United States Code, Section 892).

## COUNT FOUR

From on or about January 1, 2004, the exact date being unknown to the Grand Jury, through on or about October 19, 2007, within the District of Columbia and elsewhere, defendant **DARREN JENKINS** did participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect and attempt to collect an extension of credit; that is, defendant **DARREN JENKINS** did unlawfully and knowingly, expressly and implicitly threaten the use of violence and other criminal means to cause harm to the person, reputation, and property of a debtor, Vivian Flowers, in order to collect and attempt to collect an extension of credit within the meaning of Title 18, United States Code, Section 891, from the debtor.

**(Collection of Extension of Credit by Extortionate Means,** in violation of Title 18, United States Code, Section 894).

A TRUE BILL


FOREPERSON


Attorney of the United States in
and for the District of Columbia