## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. : 07-289(RMC) |
| | : | |
| v. | : | |
| | : | |
| DARREN JENKINS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## JOINT PRETRIAL STATEMENT

### April 23, 2008

Frederick Yette, AUSA
555 4th Street, NW
Washington, DC 20530
Frederick.Yette@usdoj.gov
202-353-1666

Shawn Moore, Esq.
Federal Public Defender Service
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
Shawn_Moore@fd.org
202-208-7500

## **Joint Statement of the Case**

This is a criminal case in which the defendant is charged with committing the same two offenses against two different victims.  The two crimes are: (1) Making Extortionate Extensions of Credit and (2) Collection and Attempted Collection of Extensions of Credit by Extortionate Means.  Simply stated, the defendant is charged with making loans to Deidra Norman and Vivian Flowers, and then forcing the victims to continue repaying more than the amount of the loans by making threats to cause them harm.  The government alleges that the defendant extended the loans and collected payments on the loans at various locations in the District of Columbia and elsewhere, including in the area of the 3500 block of V Street, N.E.

The defendant denies these charges.

## Additional Proposed Voir Dire Questions

The parties request that the following question be asked instead of the Court's Standard Instruction "L":

Is there any member of the jury panel who has any moral, religious or philosophical convictions which would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during the trial?  (Answers to be taken at the bench)

The parties have no objections to the Court's remaining standard voir dire questions.

## **Proposed Expert Witness**

The government intends to call Brian Davis, an FBI Forensic Examiner assigned to the Cryptanalysis and Racketeering Records Unit, who will testify as an expert in illicit business activities and records, i.e., loan sharking, gambling and prostitution.  Mr. Davis will describe the different types of illicit loans, including the type made by the defendant to the victims.  He has reviewed documents recovered from the defendant and will testify about his opinion that those records demonstrate that the defendant had extended usurious loans to the victims and routinely collected payments on those loans.

## PROPOSED JURY INSTRUCTIONS

Red Book Instructions (4th Edition)

      1.07 - Question Not Evidence

      1.08 - Expert Testimony

      2.01 - Function of the Court

      2.02 - Function of the Jury

      2.03 - Jury's Recollection Controls

      2.04 - Evidence in the Case -- Judicial Notice, Stipulations, Depositions

      2.05 - Statements of Counsel

      2.06 - Indictment or Information Not Evidence

      2.07 - Inadmissible and Stricken Evidence

      2.08 - Burden of Proof -- Presumption of Innocence

      2.09 - Reasonable Doubt

      2.10 - Direct and Circumstantial Evidence

      2.11 - Credibility of Witnesses

      2.13 - Number of Witnesses

      2.14 - Nature of Charges Not to be Considered

      2.26 - Police Officer's Testimony

      2.27 - Right of Defendant Not to Testify (or 2.28)

      2.28 - Defendant as Witness

      2.52 - Multiple Counts – One Defendant

      2.71 - Election of Foreperson

2.72 - Unanimity

2.74 - Possible Punishment Not Relevant

2.75 - Communications Between Court and Jury During
        Jury's Deliberations

2.76   Furnishing the Jury With the Instructions

3.02 - Proof of State of Mind

3.11 - Consensual Tape Recordings

Proposed Instruction - Making Extortionate Extensions of Credit

Proposed Instruction - Collection and Attempted Collection of Extensions of Credit by
        Extortionate Means

**Form Instruction 1.07**

**QUESTION NOT EVIDENCE**

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's question is not evidence.

**Form Instruction 1.08**

**EXPERT TESTIMONY**

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions.  But there is an exception to this rule for expert witnesses.  Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling.  They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted Brian Davis to testify as an expert concerning illicit business activities and records.  You are not bound by an expert's opinion.  If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion.  In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

**Form Instruction 2.01**

**FUNCTION OF THE COURT**

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule of law.

**Form Instruction 2.02**

**FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

**Form Instruction 2.03**

**JURY'S RECOLLECTION CONTROLS**


If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

**Form Instruction 2.04**

**EVIDENCE IN THE CASE -- JUDICIAL NOTICE, STIPULATIONS, DEPOSITIONS**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case was the sworn testimony of the witnesses, [the exhibits which were admitted into evidence], [the facts of which I took judicial notice], [the facts and testimony stipulated to by the parties], and [depositions].

[The court may take judicial notice of public acts, places, facts and events which the court regards as matters of common knowledge. In this case, I took judicial notice of [ ^ ] . [You may, if you choose to do so, regard that fact as proven evidence, but you are not required to do so because you are the sole judges of the facts.]]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- what testimony a particular witness would have given if s/he had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had s/he testified.]

[A deposition is testimony given by a witness before trial. The witness is placed under oath to tell the truth, and lawyers for each party may ask questions. The

questions and answers are recorded by a court reporter. You may consider deposition testimony in the same way you would consider testimony actually given in court.]

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

**Form Instruction 2.05**

**STATEMENTS OF COUNSEL**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

**Form Instruction 2.06**

**INDICTMENT NOT EVIDENCE**

The indictment is merely the formal way of accusing a person of a crime to bring him/her to trial. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

**Form Instruction 2.07**

**INADMISSIBLE AND STRICKEN EVIDENCE**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper. You must not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken, are not evidence and you must not consider them in your deliberations.

**Form Instruction 2.08**

**BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

**Form Instruction 2.09**

**REASONABLE DOUBT**

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

**Form Instruction 2.10**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may find the facts of a case --
direct evidence and circumstantial evidence. When a witness, such as an
eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct
evidence. A chain of facts and circumstances indicating the guilt or innocence of a
defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind
of evidence, nor does circumstantial evidence require a greater degree of certainty
than direct evidence. In reaching a verdict in this case, you should weigh all of the
evidence presented, both direct and circumstantial.

**Form Instruction 2.11**

**CREDIBILITY OF WITNESSES**

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

[Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is

not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Form Instruction 2.13**

**NUMBER OF WITNESSES**


The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you may find to the contrary.

**Form Instruction 2.14**

**NATURE OF CHARGES NOT TO BE CONSIDERED**


[One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There was a reason for that question.] You must not allow the nature of the charge itself to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

**Form Instruction 2.26**

**POLICE OFFICER'S TESTIMONY**


A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

**Form Instruction 2.27**

**RIGHT OF DEFENDANT NOT TO TESTIFY**

Every defendant in a criminal case has an absolute right not to testify. Mr. George has chosen to exercise his right to remain silent. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so. Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

**Form Instruction 2.48**

## STATEMENTS OF THE DEFENDANT –
## SUBSTANTIVE EVIDENCE

Evidence has been introduced that the defendant made statements to the police about the crime charged.  You should weigh that evidence with caution and carefully consider all the circumstances surrounding the making of the statement. Do this in deciding [whether the defendant made the statement and] what weight to give it, along with all the other evidence, when deciding the guilt or innocence of the defendant.

[If you decide that the defendant did make the statement,] in examining the circumstances surrounding the statement, you may consider whether the defendant made it freely and voluntarily with an understanding of what he was saying.  You may consider whether he made it without fear, threats, coercion, or force, either physical or psychological, and without promise of reward.  You may consider the conversations, if any, between the police and the defendant.  For example, you may consider whether the police warned him of his rights; where and when the statement was given; the length of time, if any, that the police questioned him; who was present; the physical and mental condition of the defendant.  You may consider the age, disposition, education, experience, character, and intelligence of the defendant.  Considering all the circumstances, you should give his statement such weight as you think it deserves.

**Form Instruction 2.52**

**MULTIPLE COUNTS – ONE DEFENDANT**


A separate offense is charged in each of the counts of the indictment which you are to consider.  Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count or counts of the indictment.

**Form Instruction 2.71**

**SELECTION OF FOREPERSON**

When you return to the jury room, you should select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Form Instruction 2.72**

**UNANIMITY**

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

**Form Instruction 2.73**

**EXHIBITS DURING DELIBERATIONS**

I am sending into the jury room with you the exhibits that have been received in evidence.  You may examine any or all of them as you consider your verdicts.

**Form Instruction 2.74**

**POSSIBLE PUNISHMENT NOT RELEVANT**

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Form Instruction 2.75**

**COMMUNICATIONS BETWEEN COURT AND JURY**

**DURING JURY'S DELIBERATIONS**

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me by any means other tan a signed note and I will never communicate with any member of the jury on any matter touching the merits of this case, except in writing or orally here in court.

Bear in mind also that you are never, under any circumstances, to reveal to any person – not the clerk, the marshal or me – how jurors are voting until you have reached a unanimous verdict.  This means that you should never tell me in writing or in open court, how the jury is divided on any matter.  This means, for example, that you should never tell me that the jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or any other issue in the case.

**Form Instruction 2.76**

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some or ignore others.  The fact that you may have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary.  Please return the instructions to me when your verdict is rendered.

**Form Instruction 3.02**

**PROOF OF STATE OF MIND**

Someone's intent and knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer the defendant's intent and knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent and knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Form Instruction 3.11**

**CONSENSUAL TAPE RECORDING**

During the course of this trial, you may hear the phrase "consensual tape recording." This term should not be confused with the phrase "wire interception" or "wiretap." A wire interception or wiretap is a court-ordered interception of communications which does not require the consent of the parties to the conversations. A consensual tape recording, on the other hand, is a recording where one party to the conversation consents to the conversation being tape recorded. It is lawful to conduct consensual tape recordings, and the other party or parties to the conversations do not have to consent to the taping. Consensual tape recorded conversations may occur over the telephone or face to face.

## PROPOSED INSTRUCTION
## FOR MAKING EXTORTIONATE EXTENSIONS OF CREDIT

In order to sustain its burden of proof for the crime of making an extortionate extension of credit, as charged in Counts One and Three of the indictment, the government must prove the following two essential elements beyond a reasonable doubt:

First, that the Defendant knowingly extended credit to someone, in this case Deidra Norman, as alleged in Count One, and Vivian Flowers, as alleged in Count Three; and

Second, that the Defendant and the debtor or borrower understood, at the time the extension of credit was made, that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation or property of any person.

The term "debtor" or "borrower" refers to any person who borrows or owes money which he or she is expected to repay.

To "extend credit" or "to make an extension of credit" means to make or renew a loan or to defer or postpone the payment of any type of debt or obligation.

The term "understood," as used in this context, means "comprehended" rather than "agreed." This "understanding" or comprehension does not need to be based upon explicit threats by the Defendant. The "understanding" or comprehension may be inferred from the Defendant's reputation for collection or inferred from specific acts of the defendant in the collection or extensions of credit which are known to the borrower.

**PROPOSED INSTRUCTION**
**FOR COLLECTION AND ATTEMPTED COLLECTION OF**
**EXTENSIONS OF CREDIT BY EXTORTIONATE MEANS**

In order to sustain its burden of proof for the crime of the Collection and Attempted Collection of Credit by Extortionate Means, as charged in Counts Two and Four of the indictment, the government must prove the following three essential elements beyond a reasonable doubt:

First, that there was a collection of, or attempt to collect, an extension of credit, including inducing and attempting to induce in any way the repayment by anyone of any loan or other thing of value for which repayment was expected;

Second, that the collection or attempt to collect involved the use of extortionate means, that is, the express or implied threat of the use of violence or other criminal means to cause harm to the person, reputation or property of anyone; and

Third, that the defendant knowingly participated in some way in the use of such extortionate means in that collection or attempted collection.

The term "extortionate means" is any method which involves the use, or an express or implicit threat of use, of violence or other criminal means to cause harm to the person, reputation, or property of any person.

A "threat" includes the use of words to another which indicate to that person that failure to comply with the demands of the person making the threats will result in physical or economic harm to the person or her family.

The government need not prove that any threat to use force or violence was explicit or expressed outright in so many words. Implicit threats to use force or

violence are also prohibited. If you find that under all of the circumstances shown by the evidence received in this case that an ordinary and reasonable person would have been put in fear of immediate bodily or economic harm, or future bodily or economic harm, from anything that the Defendant did or said to her, then you may find that the Defendant used extortionate means to instill fear within the meaning of these instructions.

However, actual fear on the part of the debtor or borrower is not an element of the offense charged in Counts Two and Four of the indictment. It is not necessary, therefore, that the government prove that the victim of any collection of extensions of credit was actually placed in fear of immediate bodily harm or future bodily harm or other criminal means. The government must prove beyond a reasonable doubt, however, that the Defendant planned and intended that the debtor or borrower would understand the possibility that harmful consequences would follow from her delay in repaying or failure to repay the extension of credit or loan or debt.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. : 07-289(RMC)** |
| | : | |
| **v.** | : | |
| | : | |
| **DARREN JENKINS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**VERDICT FORM**

**COUNT ONE**

On the charge of Making an Extortionate Extension of Credit to Deidra Norman, in violation of Title 18, U.S.C., Section 892, we the Jury find the defendant:


_____ Guilty          _____ Not Guilty



**COUNT TWO**

On the charge of Collection of an Extension of Credit by Extortionate Means regarding Deidra Norman, in violation of Title 18, U.S.C., Section 894, we the Jury find the defendant:


_____ Guilty          _____ Not Guilty

## COUNT THREE

On the charge of Making an Extortionate Extension of Credit to Vivian Flowers, in violation of Title 18, U.S.C., Section 892, we the Jury find the defendant:


_____ Guilty            \_\_\_\_\_ Not Guilty




## COUNT FOUR

On the charge of Collection of an Extension of Credit by Extortionate Means regarding Vivian Flowers, in violation of Title 18, U.S.C., Section 894, we the Jury find the defendant:


_____ Guilty            \_\_\_\_\_ Not Guilty




_____
Foreperson and Juror Number


Date: _____

# GOVERNMENT EXHIBIT LIST

The government will submit its Notebook of Exhibits to the Court at the time of trial.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By:      _____/s/_____
Frederick Yette, DC Bar # 385391
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-1666
Frederick.Yette@usdoj.gov