IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Cr. No. 07-289 (RMC) |
| ) | |
| DARREN JENKINS ) | |
| ) | |

**MOTION TO SUPPRESS STATEMENT
AND MEMORANDUM IN SUPPORT THEREOF**

Defendant Darren Jenkins, through counsel, respectfully moves the Court, to suppress, as evidence against him, a statement allegedly made by him to agents of the Federal Bureau of Investigation after his arrest on October 29, 2007.

I.  BACKGROUND

On October 29, 2007, Darren Jenkins was arrested by agents of the Federal Bureau of Investigation. Mr. Jenkins had been indicted by a federal grand jury on two counts each of Making Extortionate Extensions of Credit, 18 U.S.C. § 892, and Collection and Attempted Collection of Extensions of Credit by Extortionate Means, 18 U.S.C. § 894.

The indictment centered on credit allegedly extended to two individuals under the threat of violence were repayment delayed, and attempts to collect the credit pursuant to threats of violence.

After his arrest, Mr. Jenkins allegedly made an inculpatory statement to the FBI in which he acknowledged that he did threaten his debtors, although it is not clear from the statement that he was referring to the debtors in this specific instance. The alleged statement, reflected in Form 302, and unsigned or videotaped, was made after the execution of a waiver of *Miranda* rights.

II.  THE STATEMENT WAS TAKEN IN
VIOLATION OF MR. JENKINS' RIGHTS

It is hornbook law that confessions or admissions must be voluntary if they are to be used by the government. *Brown v. Mississippi*, 279 U.S. 278 (1936). Moreover a waiver of any of the *Miranda* rights must also be knowing and voluntary. Thus,

> It is axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession.

*Jackson v. Denno*, 378 U.S. 368, 376 (1974). Also, the burden is on the government to demonstrate that a statement was voluntarily made by the defendant. *Lego v. Twomey*, 404 U.S. 477 (1972). To make a showing of voluntariness, "[I]t must be shown that in fact the confession had a free will and intellect whether or not the detective had any reason to doubt its presence or suspect its absence." *Pea v. United States*, 130 U.S. App. D.C. 66, 71, 397 F.2d 627, 632 (D.C. Cir. 1968).

Here, Mr. Jenkins was arrested outside his girlfriend's house in Virginia. He was taken to the courthouse, handcuffed and questioned. No food, water or other amenities were provided at that point.

### III. THE STATEMENT MUST BE SUPPRESSED PURSUANT TO *MIRANDA*

After his seizure the agents claim that Mr. Jenkins made a statement as to the events in question.

*Miranda v. Arizona*, 384 U.S. 436 (1966), prohibits the use, in the government's case in chief, of statements taken from suspects in the absence of notice and waiver of certain rights. The rule is designed to prevent government violations of the Fifth Amendment right against self-crimination and of the Sixth Amendment right to counsel. The rule is a constitutional one.

*Dickerson v. United States*, 530 U.S. 428, 147 L.Ed.2d 405, 120 S.Ct. 428 (2000).

    Mr. Jenkins clearly was in custody at the time of the statement. He had been arrested in Virginia.. Although he executed the waiver of rights, he did not effectively waive his right to counsel. Before questioning began, he asked the agents about the nature of the charges and the questioning. Specifically, he asked whether he needed an attorney and was told by one of the agents that he could get one later and not that he had an immediate right to request counsel. Accordingly, this situation was not one where his rights were scrupulously observed.

    For the foregoing reasons, and others that may appear to the Court, Mr. Jenkins and counsel ask that the statement be suppressed.

Respectfully submitted,

A. J. Kramer
Federal Public Defender


By: _____/s/_____
Shawn Moore
Assistant Federal Public Defender
Attorney for Darren Jenkins
Bar #214171
625 Indiana Avenue, NW #550
Washington, DC 20004
202/208-7500
Fax/208-7515 or 501-3829

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) **Cr. No. 07-289 (RMC)** |
| V. | ) |
| | ) |
| **DARREN JENKINS** | ) |

**ORDER**

Counsel having moved for the suppression of a statement, and good cause shown, it is hereby

**ORDERED** that the motion is **GRANTED**.  This the       day of                          , 2008.


_____
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA