IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No.: 07-289 (RMC) |
| : | |
| **v.** : | |
| : | |
| **DARREN JENKINS,** : | |
| : | |
| Defendant. : | |
| : | |

## OPPOSITION TO MOTION TO SUPPRESS STATEMENTS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's motion to suppress statements at the trial. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

On October 29, 2007, the FBI arrested the defendant pursuant to an indictment charging him with making extortionate loans to two victims, and collecting payments on those loans through extortionate means. FBI agents brought the defendant to the FBI Washington Field Office, where he met with FBI Agents Etienne and Hummell. The agents provided the defendant with a snack at about 1:42 pm., and then sought to interview him.

The defendant was given a standard Advice of Rights form, which he read aloud to the agents. The agents asked the defendant if he understood the Miranda rights he had just read, and he assured them that he did. The defendant signed his name on the form and spoke to the agents without a lawyer. The Advice of Rights form was executed at 1:53 pm, and the interview ended at about 2:35 pm.

The defendant now seeks to suppress his statements, which were preserved and recounted in an FBI 302, but a hearing on this matter will demonstrate that there is no basis for granting his motion.

When the validity of a waiver of Miranda rights is challenged, the government is required to prove that the waiver was voluntary by a preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168 (1986). Although the validity of the waiver is to be determined on a case-by-case basis, by examining the totality of the circumstances, North Carolina v. Butler, 441 U.S. 369, 374-375 (1979); U.S. v. McNeil, 433 F.2d 1109, 1112 (D.C. Cir. 1969), "[a]n express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of the waiver...." Butler, 441 U.S. at 374-375.

"The administration of proper Miranda warnings, followed by a written waiver of the rights described in those warnings, will usually go far toward demonstrating that a decision to speak is not compelled. If the written waiver is promptly followed by an actual confession, the likelihood that the waiver was valid is often further enhanced." United States v. Yunis, 859 F.2d 953, 961 (D.C. Cir. 1988) (citations omitted). In this case, defendant Jenkins signed the Advice of Rights Form, thus indicating that he understood the Miranda warnings and wanted to make a statement without a lawyer present. There is no evidence that he was coerced, and, in fact, the agents perceived that he was a smart man who was more than willing to talk with them about the accusations against him. In short, the defendant's statements were voluntary because they were the "product of an essentially free and unconstrained choice by its maker." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26 (1973) (citing Columbe v. Connecticut, 367 U.S. 568, 602 (1961)).

WHEREFORE, the government respectfully requests that the defendant's motion to suppress statements be denied.

                                              Respectfully submitted,

                                              JEFFREY A. TAYLOR
                                              United States Attorney

By:          /s/
               Frederick Yette, DC Bar # 385391
               Assistant U.S. Attorney
               Federal Major Crimes Section
               555 4th Street, N.W.
               Washington, D.C.  20530
               (202) 353-1666
               Frederick.Yette@usdoj.gov